IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

R & D LOGISTICS,                )
                                )
        Plaintiff,               )
                                )
    v.                           ) Civil Action No. 12-1443
                                )
BESSEMER & LAKE ERIE RAILROAD    )
COMPANY, a Pennsylvania          )
Corporation,                     )
                                )
        Defendant.               )

MEMORANDUM

Gary L. Lancaster,                              October 31, 2012
Chief Judge.

This is an action for declaratory judgment. Plaintiff R&D Logistics, a Pennsylvania corporation, filed an action for declaratory relief in the Court of Common Pleas of Butler County, Pennsylvania against defendant Bessemer & Lake Erie Railroad Company, a Delaware[1] corporation, regarding property rights under an easement granted in 1898. R&D is requesting a declaratory judgment but not money damages. Bessemer removed the action to this court based on diversity of citizenship.

---

[1] There appears to be some confusion between the parties as to defendant's citizenship. While the caption styles defendant as a "a Pennsylvania corporation," defendant avers in its Notice of Removal that it is "a Delaware corporation" and a wholly owned subsidiary of the Grand Trunk Corporation, which is itself a Delaware Corporation and a wholly owned subsidiary of the Canadian National Railway Company, a Canadian corporation. [Doc. No. 1, ¶ 6.] However, because the court declines to exercise jurisdiction over the case as explained below, we will not consider the issue further.

1

For the reasons stated below, we decline to exercise jurisdiction over this action and will remand it back to the Court of Common Pleas of Butler County, Pennsylvania for further adjudication.

I. DISCUSSION

A. Legal Standard

The Declaratory Judgment Act ("the Act") does not require federal district courts to exercise jurisdiction over every declaratory judgment action. Rather, the Act provides that

> [i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis added). The Act affords district courts "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995); see also State Auto Ins. Cos. v. Summy, 234 F.3d 131, 133 (3d Cir. 2000); Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998) (the Act is "deliberately cast in terms of permissive, rather than mandatory, authority") (internal quotations omitted). The United States Supreme Court has referred to the Act as "an

enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton, 515 U.S. at 287 (internal quotations omitted) (citations omitted); see also Summy, 234 F.3d at 136.

Nonetheless, a district court's discretionary power to decline to hear declaratory judgment actions is not absolute. For instance, a district court does not have absolute discretion to "decline jurisdiction over a declaratory judgment action when the issues include[] federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding." Id. at 134 (citing United States v. Commonwealth of Pennsylvania, Dep't of Envtl. Res., 923 F.2d 1071, 1076-79 (3d Cir. 1991)). Moreover, if "the essence of [a] case is a suit for damages," the district court should not decline jurisdiction. Snodgrass v. Provident Life and Acc. Ins. Co., 147 F.3d 1163, 1167 (9th Cir. 1998).

In the absence of a challenge to jurisdiction, a district court may decline jurisdiction sua sponte. See Summy, 234 F.3d at 136. The interest of a state "in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum." Id. Furthermore, when state law is well established, there is even less reason for federal district courts to exercise jurisdiction over a declaratory judgment action and, thus,

3

district courts should do so only in "rare" and "unusual circumstances." Id.

### B. R&D's Request for Declaratory Relief

On August 20, 2012, R&D filed a complaint against Bessemer in the Court of Common Pleas of Butler County, Pennsylvania, requesting that the court declare the scope of rights granted to the parties by an easement deeded to R&D on November 11, 1898. In its complaint, R&D asked the court to issue an order declaring: "(1) that Plaintiff has a right to ingress and egress from its property; (2) that Defendant removed the railroad crossing without legal right to do so; (3) that Defendant must replace the crossing as it was or, alternatively, provide another means by which Plaintiff may access its property." [Doc. No. 1, Ex. 1.] On October 5, 2012, defendant timely removed this action to federal court based on diversity of citizenship. [Doc. No. 1.]

R&D's petition for declaratory relief can be analyzed only by consulting the strictures of long-established Pennsylvania real property law. As both the Supreme Court and our court of appeals have cautioned, "[d]ecisions in declaratory judgment actions must yield to considerations of practicality and wise judicial administration." Summy, 234 F.3d at 136 (citing Wilton, 151 U.S. at 138)(quotations omitted). While "unusual

circumstances" may justify a district court's issuing a declaratory judgment that touches a firmly established matter of state law, these cases are rare. <u>Summy</u>, 234 F.3d at 135.

Finding no unusual circumstances here, the court holds that practicality and the wise administration of judicial resources require it to remand this declaratory action back to state court for adjudication.

II. <u>CONCLUSION</u>

In consideration of the discretion granted to it by the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the court will decline to exercise jurisdiction over this declaratory judgment action. The case is hereby remanded to the Court of Common Pleas of Butler County, Pennsylvania.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R & D LOGISTICS,  <br><br>  Plaintiff,  <br><br>  v.  <br><br> BESSEMER & LAKE ERIE RAILROAD COMPANY, a Pennsylvania Corporation,  <br><br>  Defendant. | ) <br>) <br>) <br>) <br>) <br>) Civil Action No. 12-1443 <br>) <br>) <br>) <br>) <br>) <br>) <br>) |

## ORDER

AND NOW, this 31st day of October, 2012, IT IS HEREBY ORDERED that the above-captioned action for declaratory judgment is remanded to the Court of Common Pleas of Butler County, Pennsylvania.

BY THE COURT,

_____ C.J.

cc: All Counsel of Record